UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JARED SMITH,

                              Case Number 10-12759-BC
    Plaintiff,             Honorable Thomas L. Ludington

v.

WATERMAN STEAMSHIP CORPORATION,

    Defendant.
_____/

**OPINION AND ORDER HOLDING MOTION IN ABEYANCE, AUTHORIZING LIMITED DISCOVERY, AND DIRECTING SUPPLEMENTAL BRIEFING**

On July 13, 2010, Jared Smith ("Plaintiff") filed a class action complaint [Dkt. #1] against Waterman Steamship Corporation ("Waterman" or "Defendant"). Plaintiff's complaint alleges that he is entitled to sue as a representative party on behalf of crewmembers who suffered illness or injury in the service of Defendant's vessels and were thereafter paid unearned wages without payment of overtime they otherwise would have been entitled to receive. On March 28, 2011, Plaintiff filed a motion to certify class. ECF No. 15. Plaintiff contends that class certification is appropriate because the requirements set forth in Federal Rule of Civil Procedure 23(a) are satisfied in this case. Defendant filed a response on April 18, 2011, contending that class certification would be improper because Plaintiff has not satisfied the requirements for numerosity, commonality, typicality, or predominance and superiority. ECF No. 18. Plaintiff filed a reply on April 20, 2011. ECF No. 19.

For the reasons provided herein, the Court will hold Plaintiff's motion to certify class in abeyance, authorize limited discovery, and direct that the parties to file supplemental briefing.

## I.  Facts

Plaintiff claims to have been injured on May 28, 2010, while in the Defendant's employ as a member of the crew of the MN Maersk California. Plaintiff has filed two separate lawsuits in relation to that incident. The first, Case Number 10-12756, seeks damages for personal injury alleging negligence pursuant to the Jones Act, 46 USC § 30104, and unseaworthiness under the general maritime law. The instant complaint seeks recovery of "unearned wages" to which Plaintiff claims entitlement under the general maritime law as a consequence of having been injured while in service of the ship. Defendant has paid Plaintiff, in accordance with its custom and practice, unearned base wages from the date of his injury, May 28, 2010, until he reached maximum medical improvement and was deemed fit for duty on August 6, 2010. Plaintiff contends, however, that as part of his "unearned wages" he should have been paid for overtime that he may have earned but for the injury. He seeks to pursue this remedy as a representative of a putative class of himself and similarly-situated seamen.

## II.  Standard of Review

In order to qualify for class certification the class must satisfy the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) requires that:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims . . . of the representative parties are typical of the claims. . . of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *see Alchem Prods., Inc. v Windsor*, 521 U.S. 591 (1997); *Senter v. Gen. Motors Corp.*, 532 F.2d 511 (6th Cir. 1976) *cert. denied* 429 U.S. 870 (1976).

In addition to the requirements of 23(a), the class must meet the requirements of Rule 23(b) in order to proceed with a class action. Fed. R. Civ. P. 23(b); *see Senter*, 532 F.2d at 522. Rule 23(b)(3) permits a class action when "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b). Trial courts have broad discretion in deciding whether to certify a class, so long as the court stays within the framework provided by Rule 23. *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).

The district court must conduct a rigorous analysis of the Rule 23 requirements before certifying a class. *General Tel. Co. v Falcon*, 457 U.S. 147, 161 (1982). It is the duty of a district court faced with the question of class-action certification to scrutinize the available evidence, draw reasonable inferences from the facts available at this stage of the proceeding, and conduct a rigorous analysis to determine whether Rule 23(a) has been satisfied. *Id.*; *Senter*, 532 F.2d at 523; *In re American Med. Systems*, 75 F.3d at 1079. Decisions on class certification should not be conditioned on the merits of the case. However, this Court may go beyond the pleadings to the extent necessary to understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues. *In re American Med. Systems*, 75 F.3d at 1079 (citing *Weathers v. Peters Reality Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974)).

### III.   Discussion

Plaintiff relies on *Padilla v. Maersk Line, Ltd.*, 603 F. Supp. 2d 616 (S.D.N.Y. 2009) and 271 F.R.D. 444 (S.D.N.Y. 2010), for the proposition that a common question of law exists and that his claims are typical of the claims of all class members such that class certification is appropriate.  In

*Padilla*, the court, pursuant to the parties' agreement, determined the defendant's liability for overtime wages as unearned wages as an incapacitated seaman prior to addressing the question of whether the action was suitable for class action status. 603 F. Supp. 2d at 620. The court concluded that the defendant was liable for overtime wages as unearned wages because there was a custom and practice aboard Defendant's vessel to pay seaman such as Padilla "overtime in excess of amounts paid as base wages." *Id.* at 627. To recover in full the compensation that he would have earned but for his injury, the court found that the average overtime income Padilla had earned prior to his injury must, as a matter of law, be included in the measure of his unearned wages. *Id.*

The court, however, recognized that on foreign voyages, written shipping articles are required by statute. *See* 46 U.S.C. § 10302. Traditionally, shipping articles are engagement agreements between "the crew members and the employer shipowner, in which the employer agrees to pay wages for services rendered by the seamen." *Blainey v. Am. S.S. Co.*, 990 F.2d 885, 888 (6th Cir.1993); *see also* 46 U.S.C. § 10302(b) (4) (requiring the articles to contain "the amount of wages each seaman is to receive"). "The articles, when in doubt, are most strongly construed against the ship." *The Thomas Tracy*, 24 F.2d 372, 374 (2d Cir.1928); *see Mason v. Tex. Co.*, 76 F. Supp. 318, 321 (D. Mass.1948) ("Since [shipping articles] are prepared by the master of the ship, any ambiguity in the language used should be construed liberally in favor of the seaman."). The wage rate in the shipping articles is predicated upon the wage rate provided for in the collective bargaining agreement. 603 F. Supp. 2d at 628. The collective bargaining agreement in *Padilla* was silent on the calculation of unearned wages, and the court therefore presumed that unearned wages were not a topic of collective bargaining. *Id.* The court concluded that the custom and practice of including Padilla's overtime wages in his unearned wages was thus not contractually modified by the

collective bargaining agreement.

The court subsequently granted Padilla's motion for class certification, concluding that he had met his minimal burden as to commonality criteria by demonstrating that the class members' grievances shared a common question of law or fact even though overtime hours would have to be decided on an individualized basis. 271 F.R.D. 444, 448 (citation and quotation omitted). The court also concluded that Padilla's claims were typical of the class because they arose from the same course of events and rested on similar legal arguments that, " 'as a matter of law, overtime pay is factored into unearned wage calculations for purposes of an incapacitated seaman's entitlement to maintenance and cure under general maritime law.' " *Id.* (citing *Padilla*, 603 F. Supp. 2d at 620). The court emphasized that the defendant had failed to produce evidence that any union or its governing collective bargaining agreement would produce a different result concerning overtime unearned wages and rejected the defendant's efforts to defeat certification by raising the possibility of hypothetical conflicts among class members. *Id.*

In the instant case, Defendant has advanced evidence that there was no common custom or practice to pay seaman such as Plaintiff overtime in excess of amounts paid as base wages. ECF No. 18 Ex. B at 2 (stating that it has been the "long standing practice and accepted understanding between the Union and the Companies that unearned wages are calculated on contractual base wages only and <u>do not</u> include overtime which is not an entitlement due to its highly discretionary nature"). Plaintiff disputes Defendant's evidence. At this juncture, unlike in *Padilla*, it has not been established that there is, in fact, a custom or practice on the vessels at issue to pay seaman overtime in excess of amounts paid as base wages. Moreover, provisions of the collective bargaining agreements at issue have not been disclosed. It is thus unknown which, if any, of the putative class

members are subject to provisions in collective bargaining agreements that might contractually modify a vessel's custom or practice to factor overtime pay into unearned wage calculations for the purposes of an incapacitated seaman's entitlement to maintenance and cure.

It is thus appropriate to defer determination of Plaintiff's motion for class certification until these issues are given additional attention and scrutiny through limited discovery related to the circumstances of the putative class members, the collective bargaining agreements that would apply, whether there is a custom or practice on the vessels at issue to pay seaman overtime in excess of amounts paid as base wages, and any applicable Sixth Circuit authority addressing the custom or practice of including overtime wages in unearned wages. Further explanation and briefing on these issues would assist the Court following discovery. The supplemental briefing being requested, however, is without prejudice to Defendant's entitlement to provide its own dispositive motion during the discovery or supplemental briefing period if Defendant believes it is entitled to relief.

### IV.   Conclusion

Accordingly, it is **ORDERED** that Plaintiff's motion to certify class (ECF No. 15) is **HELD IN ABEYANCE**.

It is further **ORDERED** that counsel may engage in a sixty-day period of limited discovery regarding the putative class members, the collective bargaining agreements would apply, and whether there is a custom or practice on the vessels at issue to pay seaman overtime in excess of amounts paid as base wages. The discovery period shall close on November 14, 2011.

It is further **ORDERED** that Plaintiff is **DIRECTED** to file supplemental briefing addressing the issues presented above on or before **November 14, 2011.** Defendant's response brief and Plaintiff's reply are brief are to be filed in accordance with the briefing schedule provided under

E.D. Mich. Local Rule 7.1(e)(2).

                                            s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

Dated: September 13, 2011

> **PROOF OF SERVICE**
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 13, 2011.
>
>                                   s/Tracy A. Jacobs
>                                   TRACY A. JACOBS