UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JARED SMITH,

                                  Case Number 10-12759-BC

      Plaintiff,                    Honorable Thomas L. Ludington

v.

WATERMAN STEAMSHIP CORPORATION,

      Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, CANCELING HEARING, DISMISSING PLAINTIFF'S CLAIMS WITH
PREJUDICE, AND DENYING PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION AS MOOT**

On July 13, 2010, Jared Smith ("Plaintiff") filed a putative class action complaint (ECF No. 1) against Waterman Steamship Corporation ("Waterman" or "Defendant"). Plaintiff's complaint alleges that he is entitled to sue as a representative party on behalf of crewmembers who suffered illness or injury in the service of Defendant's vessels and were thereafter paid unearned wages sans overtime they otherwise would have earned. On March 28, 2011, Plaintiff filed a motion to certify class (ECF No. 15) which is currently under advisement.  Defendant filed a motion for summary judgment (ECF No. 26) on November 4, 2011, contending that Plaintiff is not entitled to overtime wages because it is not provided for in his collective bargaining agreement ("CBA") nor is it Defendant's common custom or practice to pay overtime wages an injured seaman would have otherwise earned.

For the reasons provided herein, the Court will grant Defendant's motion for summary judgment. As a result, Plaintiff's motion for class certification will be denied as moot.

## I.    Facts

Plaintiff claims to have been injured on May 28, 2010, while in the employ of Defendant, Waterman Steamship Corporation as a member of the crew of the MN Maersk California. Plaintiff has filed two separate lawsuits in relation to that incident. The first, Case No. 10-12756, seeks damages for personal injury alleging negligence pursuant to the Jones Act, 46 U.S.C. § 30104, and unseaworthiness under the general maritime law. The complaint seeks recovery of "unearned wages" to which Plaintiff claims entitlement under the general maritime law as a consequence of having been injured while in service of the ship. Defendant has paid Plaintiff unearned base wages from the date of his injury, May 28, 2010, until he reached maximum medical improvement and was deemed fit for duty on August 6, 2010. Defendant contends that paying unearned base wages is its custom and practice, and the applicable Standard Freightship Agreement ("SFA") is silent as to the method of calculating unearned wages. Plaintiff contends, however, that as part of his "unearned wages" he should have been paid for overtime that he may have earned had he been fit for duty. He seeks to pursue this remedy as a representative of a putative class of himself and similarly-situated seamen.

## II.    Standard of Review

A motion for summary judgment should be granted if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be proven or is genuinely disputed must support the assertion by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). The party seeking summary judgment has the initial burden of

informing the Court of the basis for its motion, and identifying where to look in the record for relevant facts "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must "set out specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the opposing party fails to raise genuine issues of fact and the record indicates the moving party is entitled to judgment as a matter of law, the court shall grant summary judgment. *Anderson*, 477 U.S. at 250.

The court must view the evidence and draw all reasonable inferences in favor of the non-moving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The party opposing the motion may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### III.   Discussion

Defendant requests that the Court uphold its long-standing custom and practice of calculating unearned wages with reference to base wages only, but exclusive of overtime that may have been earned but for the seaman's injury. Defendant relies on *Blainey v. American S.S. Co.*, 990 F.2d 885 (6th Cir. 1993), in which the Sixth Circuit concluded that the customary method of calculating the period of employment to determine unearned wages should prevail unless altered through the

-3-

collective bargaining process. *Id.* at 892. Specifically, the issue was determining the duration of benefits. The defendants argued that unearned wages were payable only until the end of the voyage. They defined the term "voyage" as the period "from an unloading port to a loading port or vice versa." *Id.* at 888. The plaintiffs, on the other hand, argued that unearned wages were payable beyond the end of the voyage, until the end of the "term of employment," which they defined alternatively as the end of the vessel's sailing season, the end of a pay period, or the termination of the shipping articles under which they served. *Id.* at 887. The applicable collective bargaining agreement did not define the period of time during which unearned wages were payable. Because the long-standing custom and practice on the vessel provided for payment of unearned wages only through the end of the voyage, and because that custom and practice had not been altered by the collective bargaining agreement, the Sixth Circuit granted the defendants' motion for summary judgment on the plaintiff's claims for wages beyond the end of the voyage.

Plaintiff, however, requests that the Court follow the reasoning in *Padilla v. Maersk Line, Ltd.*, 603 F. Supp. 2d 616 (S.D.N.Y. 2009), where the court concluded that injured seamen were entitled to recover overtime as a component of unearned wages where the applicable collective bargaining unit was silent as to how to calculate unearned wages. The court observed that  it was the apparent custom and practice of the seamen to work a substantial amount of overtime such that overtime was a common expectation of the seamen's remuneration and where such assessment of overtime wages could be made without speculation. *Id.* at 620. In so holding, the court in *Padilla* joined other courts outside its jurisdiction that had adopted "but for" tests and concluded that benefits, such as tip income and vacation pay that would have been earned but for the plaintiff's injury, constitute "unearned wages" for purposes of a seaman's entitlement to maintenance, cure and

unearned wages. *Id.* at 625-26. In other words, where it is the custom, practice, and expectation of the parties that a seaman will receive certain benefits as compensation during his service aboard the ship, such benefits are recoverable as unearned wages in order to place the seaman in the same position he would have been had he continued to work. *Id.* at 626 (citations omitted).

The conclusions in *Blainey* are instructive. Although Defendant contends that *Blainey* is binding, the factual basis for *Blainey* isn't sufficiently analogous to consider the case as controlling precedent. The decision nonetheless illustrates that the Sixth Circuit has chosen not to follow the "but for" test adopted in other jurisdictions which takes into consideration the custom and practice of paying seamen overtime *prior* to their injury. It is undisputed that Plaintiff, as well as other identified putative class members, routinely worked overtime prior to seeking recovery of unearned wages as a consequence of having been injured. *Blainey*, however, demonstrates that the Sixth Circuit determined that unearned wages should be calculated based on the vessel's *post-injury* custom and practice of calculating unearned wages, absent any modification of unearned wage calculation in the applicable collective bargaining agreement.

Both parties agree that the applicable collective bargaining agreement is silent on the calculating of unearned wages. Plaintiff emphasizes that it was Defendant's custom and practice to pay overtime in excess of the amount paid as base wages for work actually performed prior to a seaman's injury. Waterman has offered evidence that it has a long-standing custom and practice to calculate an injured seaman's post-injury unearned wages based solely on his entitlement to base wages. Because the Sixth Circuit has not adopted the "but for" test that has been adopted in other jurisdictions and applied in *Padilla*, the conclusions reached in *Blainey* weigh in favor of granting Defendant's motion for summary judgment.

-5-

## VI.   Conclusion

Accordingly, it is **ORDERED** that Defendant's motion for summary judgment (ECF No. 26) is **GRANTED**.

It is further **ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the hearing scheduled for February 1, 2012, is **CANCELED** because oral argument will not aid in the disposition of the motion. E.D. Mich. L.R. 7.1(f)(2).

It is further **ORDERED** that Plaintiff's motion for class certification (ECF No. 15) is **DENIED AS MOOT**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 15, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 15, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS